### .LOWMAN v. THE STATE.

</div>

1. Evidence that one on trial for crime had done an act calculated to excite prejudice and ill will against him and which had no connection with the charge under investigation is inadmissible. Error in allowing such evidence to go to the jury is cause for a new trial, when there is reason for apprehending that it operated injuriously to the accused.
2. It is not competent for a witness, while testifying to the particulars of a difficulty which he had seen take place between two other persons, to express his opinion that at a given moment the time had come for one of them "to either run or fight."
3. The law embraced in section 73 of the Penal Code was not applicable to this case and ought not to have been given in charge. In other respects, the charge of the court was free from error.
4. As there is to be another trial, no opinion as to the merits of this case is expressed.

<div align="center">

Argued December 18, 1899. — Decided January 23, 1900.

</div>

Indictment for murder. Before Judge Estes. Dawson superior court. August term, 1899.

*W. F. Findley* and *H. H. Dean*, for plaintiff in error.

*J. M. Terrell*, attorney-general, *W. A. Charters*, solicitor-general, contra.

LUMPKIN, P. J. At the August term, 1899, of the superior court of Dawson county, Morgan Lowman was convicted of the murder of Benjamin Anderson, and sentenced to be executed. The accused made a motion for a new trial, which was overruled, and the case is here for review. The material points presented by the record will be briefly stated and discussed.

1. The court permitted a witness for the State to testify that the accused had "reported a still." This act, if committed at all, shed no light on the charge of murder, and proof of it was

therefore clearly irrelevant. Did it injure the accused? We are not at a loss for an answer to this question. Aside from our knowledge derived from oral tradition that in the mountain districts of this State a revenue spy is held in very general contempt, there is in the record of this identical case evidence tending to show that one of the jury who tried the accused was quite hostile to reporters of stills, and on this ground had expressed the opinion that Lowman ought to be hung. In the motion for a new trial this juror is, for the reason just indicated, attacked as incompetent. There was counter-evidence tending to show that he was upright, unbiased, and impartial; but the fact of his antipathy to those who informed against illicit distillers was clearly established. This is enough to demand another trial of this case. No man should be deprived of his life when illegal testimony has been admitted against him and there is such good reason to apprehend that it operated to his hurt in the mind of one of his triors.

2. A witness for the accused, who was present at the homicide and who had given his version of what had occurred, was asked if at a certain juncture the time had not come for the accused "to either run or fight." The answer would have been in the affirmative, but it was properly rejected. Allowing this testimony to go to the jury would have been permitting the witness to express his mere opinion as to a matter which did not fall within the domain of "opinion evidence." The nature of the emergency in which the accused was placed by the conduct of the deceased, and the manner in which it should have been met, were matters for determination by the jury and not by the witness.

3. The motion for a new trial alleges error in charging section 73 of the Penal Code. We do not think this section was applicable to the case. It is not our purpose to discuss the evidence. Suffice it to say it was not a fight begun and carried on in hot blood, with opportunity to either party to recede, reflect, and endeavor to decline any further struggle before the mortal blow was given. Mr. Justice Little elaborately discussed the law of this section in *Powell* v. *State*, 101 *Ga.* 9, and the writer in *Teasley* v. *State*, 104 *Ga.* 741, undertook to present a

condensed view of its applicability.   It has since been referred to in *Parks* v. *State*, 105 *Ga.* 242, *Glover* v. *State*, Id. 597, and *Smith* v. *State*, 106 *Ga.* 673.

Complaint is also made that the court failed to charge sections 70 and 71 of the Penal Code.   Much of the former section was entirely inapplicable and therefore properly omitted, and the court did give in charge the law embodied in section 71. Aside from the error above pointed out, we find nothing objectionable in the charge as a whole.

4. Though many witnesses were sworn, there was little conflict in the evidence pro and con.   Indeed, we do not recall any case of like importance where there was such harmony in the testimony of persons who had so much apparent reason to be biased one way or the other.   As the case is to be tried again, we express no opinion as to what should be the finding of the next jury to whom it is submitted.

*Judgment reversed.   All the Justices concurring.*