## STUBBS *v.* THE STATE.

The provisions of law relating to justifiable homicide where the parties had been engaged in mutual combat, contained in section 73 of the Penal Code, are not applicable to a case where there has been no mutual combat and where the defense relied upon is that contained in sections 70 and 71 of the Penal Code.

Argued May 21,—Decided June 5, 1900.

Indictment for murder. Before Judge Hart. Wilkinson superior court. April term, 1900.

*Allen & Pottle* and *J. W. Lindsey,* for plaintiff in error.

*J. M. Terrell, attorney-general,* and *H. G. Lewis, solicitor-general,* contra.

SIMMONS, C. J. After having been convicted of the offense of murder, Henry Stubbs made a motion for a new trial. This motion was overruled, and Stubbs excepted. The evidence discloses that there had been no mutual combat nor any fight of any kind between the accused and the deceased. According to the evidence of the accused, the deceased was advancing upon him with a drawn knife. The circumstances were sufficient, the accused claims, to excite the fears of a reasonable man that a felony was about to be committed upon him, and in order to prevent it he killed the deceased. The trial judge charged the jury properly upon the different grades of homicide, but, in charging upon the subject of justifiable homicide and discussing the doctrine of reasonable fears, erred in the following charge upon that subject, which was given immediately after and in connection with his charge upon the subject of self-defense: "Also, the danger must seem to appear so urgent and pressing at the time of the killing that, in order to save his own life, it appeared then and there that the killing of the other was absolutely necessary, and it must appear, also, that the person killed was the assailant or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given." This charge was evidently taken, in substance, from section 73 of the Penal Code, and instructs the jury that the circumstances must seem to the accused so urgent and pressing, at the time of the killing, that it was necessary to take the life of the deceased in order to save his own life. The defense in the case was predicated upon sections 70 and 71 of the Penal Code, which declare that a man will be justifiable in killing another to prevent the latter from committing a felony upon him. The charge of the court excluded this idea, and virtually instructed the jury that the accused would not be justified unless the danger seemed so urgent and pressing as to make it appear that it was necessary to kill the deceased in order for the accused to save his own life. The accused may not have appre-

hended that his life was in danger at the time he shot the deceased; but he may have had the gravest apprehensions that it was necessary to shoot in order to prevent the deceased from committing upon him some lesser felony, such as mayhem. The distinction between section 73 and sections 70 and 71 of the Penal Code has been frequently made by decisions of this court. See upon this subject *Powell* v. *State,* 101 *Ga.* 11, and cases cited; *Lowman* v. *State,* 109 *Ga.* 501, and cases cited. It is apparent that the learned trial judge had not had his attention called to these decisions or else had misconstrued them.

No other error appears to have been committed.

*Judgment reversed. All concurring, except Fish, J., absent.*

---

Justice Fish was prevented by sickness from participating in the hearing and adjudication of cases reported in this volume where he appears to have been absent.