## MELL v. THE STATE.

Where in the trial of a murder case the accused presents two theories of defense, to wit, first, that the killing was done to prevent a forcible invasion of his habitation, and, second, that in killing the deceased he acted under the fears of a reasonable man that a felony was about to be perpetrated upon him, and there is nothing in the evidence or in the statement of the accused to show that there had been any mutual combat, it is error to give in charge to the jury section 73 of the Penal Code.

*Argued October 16, — Decided October 30, 1900.*

Indictment for murder. Before Judge Falligant. Chatham superior court. July 9, 1900.

*R. L. Colding* and *J. A. Cronk*, for plaintiff in error.

*J. M. Terrell*, attorney-general, and *W. W. Osborne*, solicitor-general, contra.

SIMMONS, C. J.　Mell was indicted for the crime of murder.　He was tried and convicted.　Upon his trial he set up two defenses: first, that Busbee, the deceased, was attempting in a violent and forcible manner to invade his habitation, and that the killing was to prevent such invasion; and, second, that at the time he shot Busbee he acted under the fears of a reasonable man that a felony was about to be perpetrated upon him.　The judge, in charging the jury, read the section (72) of the Penal Code which declares that it shall be justifiable homicide to kill a person who forcibly attacks and invades one's habitation, if the killing be necessary in order to prevent such invasion.　He then, simply remarking, without further explanation, "That section applies to the question of invading the habitation of another," read section 73 of the Penal Code, without intimating that it was inapplicable save in cases of mutual combat.　In his motion for new trial, which was overruled by the court, Mell complained that this was error.　We think the exception was well taken.　A careful examination of the record fails to disclose anything, in the evidence or in the statement of the accused, to show a mutual combat between the parties.　This court has held in many cases that unless there is evidence of a mutual combat, section 73 of the Penal Code is inapplicable to the case.　Unless there is or has been a mutual combat or fight between the parties, we can not conceive how the slayer could in good faith endeavor to decline any "further struggle" before he gave the mortal blow.　If both parties agree to fight and do fight, both are in fault in violating the law and breaking the peace of the State.　But if one of them repents and in good faith endeavors to decline any further struggle with his antagonist, and the latter refuses to desist, the law declares that if the danger of the former is then so urgent and pressing that it is absolutely necessary to kill his antagonist in order to save his own life, such killing is justifiable.　In the present case, there is nothing in the evidence or in the statement of the accused to show that there was any mutual combat, and we therefore rule that section 73 of the Penal Code should not have been given in charge to the jury.　*Dover* v. *State*, 109 *Ga.* 485; *Delegal* v. *State*, 109

*Ga.* 524, and cases cited; *Lowman* v. *State,* 109 *Ga.* 501; *Stubbs* v. *State,* 110 *Ga.* 916; *Ragland* v. *State,* 111 *Ga.* 211; *Wheeler* v. *State, Freeman* v. *State,* ante, 43, 48.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*