### FRAZIER *v.* THE STATE.

1. It was not, in a trial for assault with intent to murder, alleged to have been committed by shooting with a gun, erroneous for the judge, after giving to the jury full and fair instructions upon the law with respect to "the fears of a reasonable man," to add : "The circumstances must be such as to excite the reasonable fears in a rational mind, and the person shooting must act under the influence of such fears, and not in a spirit of revenge."

2. Nor in such a trial was it improper to charge : "Not only must the shooting be in defense, but it must be absolutely necessary to prevent the attack and injury on the person shooting, or the person shooting must really and honestly so believe at the time, and in good faith act upon such belief, and not in a spirit of revenge."

3. An instruction in such a case to the effect that if the accused shot at the prosecutor, not in self-defense or under other circumstances justifying the shooting, and without the intention to kill, the jury would be authorized to convict the accused of the offense of shooting at another, is not one of which he has any just cause of complaint.

4. It is always a matter of discretion with the trial judge as to whether or not, after the evidence has been closed, he will allow the case to be reopened for the purpose of introducing additional testimony ; and this court will not interfere with the exercise of that discretion unless it has been abused, which was not done in the present case.

5. Even though it may have been proper for the court below in the present case to charge the jury upon the law of voluntary manslaughter, as no exception is taken to its failure so to do, no question on this point is presented for the consideration of this court.

6. There was ample evidence to warrant the verdict, and it does not appear that the trial court erred in refusing to grant a new trial.

Argued February 18, — Decided March 1, 1901.

Indictment for assault with intent to murder. Before Judge Littlejohn. Sumter superior court. January 8, 1901.

*J. R. Williams*, for plaintiff in error.

*F. A. Hooper, solicitor-general*, contra.

LEWIS, J. Wade Frazier was tried before a jury in the superior court of Sumter county, upon an indictment charging him with assault with intent to murder. He was found guilty, and made a motion for a new trial, to the overruling of which by the court below he excepted.

1, 2. Error is assigned upon the following charge of the court: "A bare fear or a mere apprehension of a shooting to prevent which a killing was done will not justify. The circumstances must be such as to excite the reasonable fears in a rational mind, and the person shooting must act under the influence of such fears, and not in a spirit of revenge. Not only must the shooting be in defense, but it must be absolutely necessary to prevent the attack and injury on the person shooting, or the person shooting must really and honestly so believe at the time, and in good faith act upon such belief, and not in a spirit of revenge." We see no error in this instruction. Fear of any offense to prevent which the law justifies

an assault will of course not avail as a defense, unless that fear be reasonable. The use of the words "absolutely necessary" in the portion of the charge which we have quoted might have been misleading in the absence of anything to modify or explain their meaning; but the concluding clause made it legally complete, and cured whatever there may have been of an objectionable nature in the preceding portion of the sentence. The language used by the trial judge, while not identical in phraseology, followed closely the meaning of section 71 of the Penal Code, which was in point, and we find in the charge no error upon which to base a reversal.

3. It is also contended in the motion for a new trial that the following charge was error: "If you believe from the evidence that the defendant shot Newsome as charged in the bill of indictment, and that in doing so he was not acting in self-defense nor under other circumstances justifying him in shooting; yet, if you should believe that at the time of the shooting it was not the intention on the part of the defendant to take the life of the prosecutor, Newsome, then you would not be authorized to return a verdict finding the defendant guilty of an assault with intent to commit murder, but if you should believe that to be the truth of the case, then you would be authorized to return a verdict finding the defendant guilty of the offense of shooting at another." There is nothing in this charge of which the defendant has any just cause to complain. It was, if anything, more favorable to the accused than against him.

4. Complaint is made because the trial judge, after the evidence was closed, reopened the case for the purpose of admitting additional testimony on behalf of the State, in rebuttal of evidence which had been introduced by the defendant. The objection made at the trial was that the defendant's witnesses were not present when the rebuttal evidence was offered; but it appears from a note made by the judge in approving this ground of the motion that the witness whose testimony it was sought to rebut was present in the court-room at the time the case was reopened. Evidently, then, this action of the court constitutes no cause for a reversal. It is always in the discretion of the trial judge, after the evidence has been closed, to allow the case to be reopened for the purpose of introducing further testimony; and this court will not interfere with that discretion unless it has been abused, a circumstance which was not made to appear in the present case. This principle is so well set-

tled as to require no further elaboration here, but we refer in passing to the cases of *Bird* v. *State*, 14 *Ga.* 43; *Walker* v. *Walker*, Id. 242 (5); *Beale* v. *Hall*, 22 *Ga.* 432 (4); *Choice* v. *State*, 31 *Ga.* 424 (2); *Cothran* v. *Forsyth*, 68 *Ga.* 560 (2), and *White* v. *State*, 100 *Ga.* 659.

5. Counsel for plaintiff in error devotes considerable space in his brief to argument as to alleged error in the refusal of the court below to charge the law with respect to voluntary manslaughter. We do not go into this question, for the reason that it is nowhere made in either the bill of exceptions or the record, and is consequently not before this court.

6. It does not appear that the verdict was contrary to the evidence. We fail to find any reversible error in the rulings of the court below, and hence will not disturb the judgment.

*Judgment affirmed. All concurring, except Simmons, C. J., absent.*