[No. 8254. Department One. January 8, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. MAY BELLE COTTRELL, *Appellant*.[1]

FORGERY — EVIDENCE — HANDWRITING — PHOTOGRAPHS — ADMISSIBILITY. In a prosecution for forgery it is not error to admit in evidence a photographic copy of a letter supposed to have been written by the accused, introduced for the purpose of comparison by the experts, where the accused, after examining the photograph, admitted that it was a photographic copy of her handwriting.

CRIMINAL LAW—TRIAL—CONDUCT OF COUNSEL—PERSISTING IN IMPROPER CROSS-EXAMINATION. In a prosecution for forgery, in which the accused, who had been living with her mother, testified that she went to Spokane to engage in work to meet pressing obligations, it is prejudicial error, requiring a reversal, for the state, on cross-examination and after objections had been sustained, to persistently question the accused with respect to her financial embarrassments in an effort to show that they arose out of litigation with her mother in which the accused was charged with "swindling" and "defrauding" her mother and was only prevented from so doing by a decision of the highest court of a sister state, the litigation being foreign to the issue and the only purpose being to discredit her before the jury by improper questions.

FORGERY—EVIDENCE—HANDWRITING—IDENTIFICATION. In a prosecution for forgery of a check of one J., another check purporting to be signed by him, admitted for comparison, is sufficiently identified when J. testified that he believed it was genuine.

WITNESSES—EVIDENCE—HANDWRITING — TRIAL. The practice of permitting a witness to illustrate his testimony, in comparing handwriting on a forged check with admitted handwriting, by illustrations on a blackboard cannot be commended, for the illustrations cannot be preserved in the record.

FORGERY — UTTERING CHECK — IDENTIFICATION —EVIDENCE—SUFFICIENCY. There is sufficient evidence of the uttering of a forged check, where the manager and forewoman in a store each testified

[1]Reported in 106 Pac. 179.

that the accused purchased goods, uttered the check in payment, and received her change, and the testimony of experts made a question for the jury as to whether the check was forged.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered February 27, 1909, upon a trial and conviction of forgery. Reversed.

*Nuzum & Nuzum,* for appellant.

*Fred C. Pugh* and *Donald F. Kizer* (*A. J. Laughon,* of counsel), for respondent.

Gose, J.—The appellant was convicted of the crime of forgery, and has appealed from the judgment entered upon the verdict.

The state was permitted to introduce in evidence a photographic letter, purporting to have been written by the appellant, upon the testimony of a witness that the appellant had said to him that it "looked as if it were a copy of her writing." This letter was used by expert witnesses in connection with the handwriting of the appellant admitted to be genuine, for the purpose of comparison with the indorsement on the forged instrument. It is urged that it was error to admit this instrument in evidence, (1) because it was not shown to be an accurate photograph, and (2) because it was not the best evidence, and there was no showing that the original could not be obtained. Both of these objections would be well taken were it not for the fact that, after the state had rested, the appellant offered herself as a witness and, after examining the photograph, stated that it was a photographic copy of her handwriting. It is well settled that the handwriting admitted or proved to be genuine may be used upon the trial for comparison with the handwriting upon the alleged forged instrument.

The appellant testified on direct examination that she was born in Boise, Idaho, and that she had lived there with slight interruptions until a few months before the trial. She also stated that she had a daughter, a young lady in

poor health, living at Boise, and that, in order to support and educate her and to meet pressing obligations, it became necessary for her to leave her home, and that she went to Spokane and engaged in canvassing work. The prosecutor, upon cross-examination, was permitted to get before the jury the fact that the appellant's mother had prosecuted a civil action against her in the courts of Idaho, in which she charged the appellant with attempting to defraud her out of her property, and that the case had been recently decided by the supreme court of Idaho in favor of the mother. The cross-examination touching this suit covers five pages of the record, and the prosecutor asked the appellant at least four several times, in varying phraseology, if her financial embarrassments did not arise out of the expensive litigation in which she was engaged with her mother, in which she was charged with "swindling" and "defrauding" her mother out of her property and her home. Whilst objections were sustained to a part of the questions, they were pressed with such insistence that the jury might well have concluded that the appellant had attempted to defraud her mother out of her property, and was only prevented from consummating her design by an adverse decision of the highest court of a sister state. This was certainly highly prejudicial, and gave the case an atmosphere hostile to the appellant. The respondent seeks to justify the cross-examination upon the ground that the appellant had introduced evidence tending to show that she went to Spokane to earn money to meet pressing obligations, and that it was therefore open to it to ascertain the nature of the obligations. It is apparent that the litigation between the appellant and her mother was a matter foreign to the issue, and the only purpose of the inquiry was to discredit the appellant before the jury. Zeal in a prosecuting officer is to be commended, but it will not be permitted to reach such intensity as to transform a prosecution into a persecution. The cross-examination was in violation of the principles an-

nounced in *State v. Bokien,* 14 Wash. 403, 44 Pac. 889; *State v. Oppenheimer,* 41 Wash. 630, 84 Pac. 588; *State v. Montgomery,* ante p. 443, 105 Pac. 1035; *United States v. Wells,* 163 Fed. 313; *Lowman v. State,* 109 Ga. 501, 34 S. E. 1019; *Howard v. Commonwealth,* 110 Ky. 356, 61 S. W. 756.

The information charges that the name of D. P. Jenkins was forged to a check. A check of five thousand dollars purporting to have been signed by him was admitted in evidence as a standard for comparison with his name on the forged check. He testified that he believed this check to be genuine. It is urged that this was error, because he would not state positively that it was his check. We think the check was sufficiently identified.

A witness for the state was permitted to use a blackboard and chalk to illustrate his testimony in comparing the handwriting on the forged check with the admitted handwriting of appellant. This is assigned as error. The course pursued is one that cannot be commended. The illustrations were not, and from their very nature could not be, preserved in the record.

It is finally contended that there is not sufficient evidence to support the verdict, and that the identification of the appellant as the person who uttered the check is insufficient. The manager and the forewoman in the store where the check was uttered each testified that the appellant purchased goods, uttered the check, and received her change. This was a sufficient identification, if believed by the jury. Whilst these witnesses as well as the state's expert witnesses on handwriting were contradicted by credible witnesses introduced by the appellant, it was for the jury to determine from all the facts and circumstances in the case whether the check was forged and, if so, by whom. We cannot therefore rule that the evidence is insufficient.

We are constrained, however, to hold that error was committed by the cross-examination of the appellant in the

manner heretofore pointed out, and that she has not had that fair and impartial trial which the law guarantees to every accused person. The judgment will be reversed, with .directions to grant a new trial.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.