## MORGAN v. THE STATE.

ATKINSON, J. 1. Under the evidence in this case the court should have charged literally or in substance the law of self-defense as declared in the Penal Code, § 70, relating to the subject of justifiable homicide; and his failure to do so was error requiring the grant of a new trial.

2. The Penal Code § 71, declares: "A bare fear of any of those offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing really acted under the influence of those fears; and not in a spirit of revenge." A charge as complained of in the twelfth ground of the motion for new trial, attempting to apply this law, which employs the words "justify the inference of a reasonable man," as a substitute for the words "excite the fears of a reasonable man," as employed in the code section above quoted is not exact. It was also inapt to charge that the jury "must be satisfied" from the evidence that it was necessary for the defendant to kill the deceased in order to save his own life, "in order to find him not guilty."

3. The theory of mutual combat was not involved under the evidence in this case; and that being true, it was error to give in charge to the jury in part the substance of section 73 of the Penal Code. *Delegal* v. *State,* 109 *Ga.* 518 (35 S. E. 105); *Freeman* v. *State,* 112 *Ga.* 48 (3), 50, (37 S. E. 172).

4. None of the other assignments of error require the grant of a new trial.

*Judgment reversed. All the Justices concur.*

No. 2497. JANUARY 13, 1922.

Indictment for murder. Before Judge Irwin. Haralson superior court. February 16, 1921.

*Griffith & Matthews,* for plaintiff in error.

*R. A. Denny, attorney-general, J. R. Hutcheson, solicitor-general,* and *Graham Wright, asst. atty.-gen.,* contra.