[No. 23626. Department One. March 21, 1932.]

THE STATE OF WASHINGTON, *Respondent*, v.
CLEVE OWENS, *Appellant*.[1]

*Ambrose J. Donovan,* for appellant.

*Chas. W. Greenough* and *Ralph E. Foley,* for respondent.

HERMAN, J.—Defendant has appealed from the judgment entered upon a verdict of guilty on both counts of an information. One count was predicated upon a fraudulent check for twenty-two dollars, purporting to be drawn by C. A. Carlson upon the Farmers & Merchants Bank of Rockford, Washington; the other upon a false check for seventeen dollars, purporting to be drawn by Doss Jones upon the Bank of Fairfield.

[1]Reported in 9 P. (2d) 90.

■ Appellant makes three assignments of error, the first being that the court erred in permitting the introduction in evidence of respondent's exhibits 3, 4, 5 and 8 to 21, inclusive. All of these exhibits, save No. 13, were either samples or photographs of specimens of appellant's handwriting, some of which were given by him to the deputy sheriff investigating the crime. There was no evidence that any of the handwriting specimens were obtained by duress. Exhibit 13 was a photographic copy of an accident report to the Spokane county sheriff, which appellant admitted was in his handwriting. In *State v. Cottrell*, 56 Wash. 543, 106 Pac. 179, the court said:

"It is well settled that the handwriting admitted or proved to be genuine may be used upon the trial for comparison with the handwriting upon the alleged forged instrument."

■ The second and third assignments of error are argued collectively by appellant. They are that the court erred in denying appellant's motion for a directed verdict, and that the court erred in not granting appellant's motion for a new trial. Appellant bases his contention that the trial court was wrong in refusing to grant his motion for a directed verdict, and later his motion for a new trial, upon the reason that there was not sufficient evidence to go to the jury, because the expert had thoroughly disqualified himself and his testimony should not have been relied upon.

Harry E. Warner was called by the state as an expert witness. He testified that he was a handwriting expert, and that he was competent, by reason of his expert knowledge and training, to testify relative to the similarity in the handwriting of the exhibits in evidence. Appellant's counsel on cross-examination asked him about various fictitious works, among them Cook's "Handbook of Forgeries," Johnson's "Pho-

tography in Forgery," Barton's "Forgery in Wills," and others. After the witness answered that he had read some of the writings inquired about by appellant's counsel and was familiar with the existence of the others, appellant proved there were no such books.

Had appellant asked the foregoing questions on the *voir dire* examination of the witness Warner, and had the court ruled that Warner was qualified to testify as an expert witness, there would have been before this court the question as to whether the trial court had abused its discretion in permitting the witness to so testify. That was not the procedure in the case at bar. Appellant elected to ask the questions on cross-examination for the purpose of affecting the credibility of the witness. This having been done, the questions as to the credibility of the witness and the value of his testimony were for the jury.

The state introduced testimony to show, among other things, that both checks were cashed the same day by a man similarly described, and that, when the seventeen dollar check was cashed, the service station employee who accepted it wrote thereon the number of the temporary license sticker which was on the windshield of the car in which the man who passed the check traveled. The records showed that the temporary license number had been issued to appellant. The checks were shown to be forgeries.

J. P. Griffin testified that he talked to appellant at Fairfield, Washington, and upon request was given a sample of appellant's handwriting. His testimony further showed that, after appellant was arrested and brought to Spokane, he voluntarily gave specimens of his handwriting, and wrote two sample checks in the presence of the deputy prosecutor and Mr. Griffin, and that, when appellant wrote the samples, the words and figures on the forged checks were dictated by the

deputy prosecutor. The testimony of this witness further showed that appellant was asked to write the names "Jones," "Randell" and "Carlson" on the sample checks, but that he wrote them "J-o-m-e-s," "R-o-n-d-e-l-l," and "C-a-r-l-s-o-m," just as those names appear on the two forged checks. The record does not show that any of these writings were obtained by duress.

There was ample testimony in this case, if believed by the jury, upon which to base a verdict of guilty on each count. The trial court did not err in denying appellant's motions for a directed verdict and for a new trial.

Judgment affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and BEELER, JJ., concur.