## 15190.  FUTRELL v. THE STATE.

1. The indictment against the defendant in this case as director of a bank alleged to have become fraudulently insolvent was sufficient as against those grounds of the demurrer which were insisted upon. It was not necessary to join the president and other directors of the bank as defendants in the indictment.
2. Objections propter affectum to grand jurors can be presented only by challenge before indictment, where then known to the accused. Refusal of the court to consider them when thus presented does not authorize consideration of them when subsequently presented as grounds of a plea in abatement.
3. The court erred in failing to charge the jury that the paid-in capital stock of the bank should not be considered as a liability, in determining as to the solvency or insolvency of the bank. Such an instruction was not rendered unnecessary by the statement of the judge, in a colloquy with counsel when ruling on the admissibility of testimony, that he would so charge the jury.
4. The court erred in failing to instruct the jury that if the entire property and assets of a bank are sufficient to discharge its liabilities, it is not insolvent within the meaning of section 204 of the Penal Code, although the bank may not be able to pay its debts immediately as they become due, or to pay its depositors on demand.

DECIDED MARCH 6, 1924.

Indictment for fraudulent insolvency of bank; from Effingham superior court—Judge Hardeman.   October 29, 1923.

The indictment as set out in the record charged W. B. Futrell with "the offense of felony, for that the said W. B. Futrell did, on the 18th day of January, 1921, in the county aforesaid, unlawfully and with force of arms, being then and there director of the Farmers & Merchants Bank, a chartered bank, incorporated under the laws of said State [of Georgia], and, as such director of said chartered bank, he being by law then and there charged with the fair and legal administration of its affairs, the said Farmers & Merchants Bank, then and there pending and during the said official charge responsibility of said W. B. Futrell as director thereof, did then and there be and become fraudulent insolvent, said insolvency then and there having resulted from fraud and having been brought about by fraud, and having originated in fraud, contrary to the laws of said State," etc.

The grounds of the demurrer were: (1) The indictment is not sufficient in law.   (2) There is a nonjoinder of parties; the statute specifically states that the president and directors shall be punished, and the president and other directors are not joined nor their

names given in the indictment, and no reason is given for the non-joinder. (3) The indictment 'fails to state why the defendant as director had sole official charge and responsibility for the solvency of the bank. (4) The indictment fails to allege any act or circumstance constituting the alleged fraudulent insolvency, and does not give the defendant sufficient information to enable him to prepare for his defense, and does not inform him of the specific act or acts on his part which caused the bank to become fraudulently insolvent. (5) The statute on which the indictment is based is unconstitutional, as it would deprive the defendant of his liberty and property without due process of law. The last ground was abandoned in the brief of counsel for the plaintiff in error.

*Oliver & Oliver,* for plaintiff in error.

*A. S. Anderson, solicitor-general,* contra.

BROYLES, C. J. 1. An indictment which charges a certain director of a certain chartered bank, incorporated under the laws of the State, with causing or allowing the bank to become fraudulently insolvent, during his sole official charge and responsibility as director thereof (see Penal Code of 1910, § 204; Ga. L. 1919, p. 219, Park's Code Supp., vol 11, § 202bb), is not subject to a demurrer which sets up that there is a nonjoinder of parties in the indictment because "the statute specifically [states] that the president and directors shall be punished; and the president and other directors are not joined in said indictment, nor their names given, nor is any reason stated for the nonjoinder."

Nor was the indictment subject to any other ground of the demurrer insisted upon by the plaintiff in error (the ground that the statute upon which the indictment was based is unconstitutional is expressly abandoned in the brief of counsel for the plaintiff in error).

2. It is recited in the bill of exceptions that the defendant, before the indictment was returned, presented his challenge to the array of the grand jurors, and that the court refused to pass upon it and directed that it be filed in court. Subsequently a plea in abatement was filed, setting up, first, that all the jurors who returned the indictment were incompetent, for certain stated reasons; and, second, that certain named jurors were incompetent for other stated reasons. The allegations in the plea were denied by the solicitor-general, and the issues thus raised were submitted to

the court, without the intervention of a jury.    After hearing evidence thereon the court found against the plea; and the court overruled the motion for a new trial on the finding and judgment against the plea.    The defendant excepted to the finding and judgment on the plea, *but did not except to the refusal of the court to pass upon his challenge to the array.*    It appearing, from the facts stated in the plea in abatement, that all of the objections (now insisted upon) to the grand jurors were propter affectum, and that the objections were known to the defendant prior to the return of the indictment, the objections could not be the basis of a plea in abatement, but could only be presented by challenge before the return of the indictment.    *Evans* v. *State, 17 Ga. App.* 120 (2) (86 S. E. 286), and citations; *Nichols* v. *State, 17 Ga. App.* 609 (87 S. E. 817); *Cook* v. *State, 22 Ga. App.* 770 (3), 775 (97 S. E. 264).    And the fact that they were so presented in the instant case and that the court refused to pass upon them does not permit them to be subsequently considered as grounds of a plea in abatement.    There can be no plea in abatement in a criminal case until after the return of an indictment, and obviously the plea cannot be based upon grounds which must be presented before the indictment is returned.    The court, therefore, did not err in finding against the plea.    It is immaterial that the judge found against it on its merits.    The same result was reached.    The refusal of the court to pass upon the objections to the jurors when properly presented— prior to the finding of the indictment—is not excepted to, and therefore cannot be considered by this court.

3.    One of the grounds of the motion for a new trial complains that the court erred in failing to charge the jury that the paid-in capital stock of the bank should not be considered as a liability, in determining the solvency or insolvency of the bank. This ground is meritorious and requires another trial of the case.    "The capital stock of a bank issued and paid for is not a liability that should be included and taken into account in determining the question of solvency or insolvency of the bank, on the trial of one of its officers indicted under the Penal Code, § 204."    *Fordham* v. *State,* 148 *Ga.* 758 (6) (98 S. E. 267).    The judge, in his order overruling the motion for a new trial, stated as to this ground of the motion that while he did not so charge the jury, he stated emphatically this principle of law to them during the trial of the case; and

furthermore that the evidence demanded a finding that the bank was insolvent, and, therefore, that his failure so to charge was harmless error. We cannot agree with this view of the trial court. The record shows that what the judge stated as to this principle of law during the trial of the case occurred during a colloquy between the court and counsel for the defendant as to the admissibility of certain evidence, and the judge held that the amount of the paid-in capital stock of the bank, under the ruling in *Griffin* v. *State,* 142 *Ga.* 636 (83 S. E. 540), should not be considered by the jury as a liability in determining the solvency or insolvency of the bank, and he stated that he would so charge the jury. The court, however, failed so to charge, and we think this failure was prejudicial to the accused. Even if the jury understood the judge's ruling upon this principle of law during the trial of the case, they might very well have considered that he had come to another conclusion when he failed to charge them as announced. Nor can we hold, as a matter of law, that the evidence demanded a finding that the bank was insolvent.

4. Under the facts of the case it was also material error for the court to fail to instruct the jury that if the entire property and assets of a bank are sufficient to discharge its liabilities, it is not insolvent within the meaning of section 204 of the Penal Code, although the bank may not be able to pay its debts immediately as they become due, or to pay its depositors on demand. *Griffin* v. *State,* supra.

5. The other grounds of the amendment to the motion for a new trial are either without substantial merit or relate to such errors as are not likely to recur upon another hearing of the case.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*