## LAMP *v.* THE STATE.

1. On the trial of one indicted for murder, it is error to charge section 73 of the Penal Code of 1910, which is applicable only to a case of mutual combat, when there is neither evidence nor statement of the defendant tending to show that at the time of the homicide the deceased and the defendant were engaged in a mutual combat. There is no evidence in the present case to authorize such charge.

Criminal Law, 17 C. J. p. 203 n. 85.
Homicide, 30 C. J. p. 380, n. 91, 92; p. 381, n. 93.

2. There is no substantial merit in the other assignments of error on the excerpts from the charge of the court and the refusal to charge.

3. As the judgment is reversed on account of the charge set out in the opinion, no opinion is expressed as to the sufficiency of the evidence to support the verdict.

4. The judge erred in refusing a new trial.

No. 5736.   APRIL 12, 1927.

Murder. Before Judge Camp. Johnson superior court. October 30, 1926.

*E. L. Stephens* and *C. S. Claxton,* for plaintiff in error.

*George M. Napier, attorney-general, Fred Kea, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

HILL, J.   Sidney Lamp was indicted and tried for the murder of Clifton Powell by shooting him with a pistol. The jury returned a verdict of guilty, with a recommendation to the mercy of the court, and he was accordingly sentenced to the penitentiary for life. He filed a motion for new trial on the usual general grounds and five special grounds, which motion was overruled, and he excepted.

Ground two of the amended motion for new trial complains of the following charge of the court: "Mutual combat is a mutual purpose or intent on the part of the parties engaged to fight. It is a question for the jury to determine under all the facts and circumstances of the case, including the defendant's statement, whether such mutual intention to fight existed or not. The court charges you that in case of mutual combat, if a person kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary, and it must appear also that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given. Before the slayer can be justified it must appear that he acted without malice, not in a spirit of revenge, that the deceased was the assailant, that in order to save his own life it was necessary to kill his adversary, or that he was under the pressure of other equivalent circumstances. He can not avoid the fearful responsibility by the bare fear or apprehension of danger; the danger must be urgent and pressing at the time. He must decide the momentous question with reference to his accountability to the law at the time,

and by the exercise of the same mental and moral faculties which he employed to shoot." The charge is excepted to on the ground that the law of mutual combat was not involved in the case, there being no evidence of a mutual combat, and that the defendant based his defense solely on the law of justifiable homicide under the fears of a reasonable man that a felony was about to be committed on him, or that his life was in danger, and that he acted under such fears and not in a spirit of revenge. It is the settled law in this State that to charge section 73 of the Penal Code, which applies only to cases where the evidence tends to show a mutual intention to fight, when there is no evidence of a mutual combat, is error, and requires a reversal. There was no evidence in the present case tending to show a mutual intention to fight on the part of the deceased and the defendant; and consequently it was error, requiring the grant of a new trial, for the court to charge the jury section 73 of the Penal Code. *Lowman* v. *State,* 109 *Ga.* 501 (3) (34 S. E. 1019); *Jordan* v. *State,* 117 *Ga.* 405 (2) (43 S. E. 747), et cit.; *James* v. *State,* 123 *Ga.* 548 (2) (51 S. E. 577); *McCray* v. *State,* 134 *Ga.* 416 (13), 418 (68 S. E. 62, 20 Ann. Cas. 101); *Crawford* v. *State,* 149 *Ga.* 485 (100 S. E. 633); *Brown* v. *State,* 151 *Ga.* 497, 501 (107 S. E. 536); *Campbell* v. *State,* 157 *Ga.* 233 (121 S. E. 306).

Other headnotes do not require elaboration.

*Judgment reversed. All the Justices concur.*

RUSSELL, C. J., concurs in the result. ATKINSON, J., concurs specially.