## JONES *v.* THE STATE.

No. 8037. MARCH 12, 1931.

*James N. Rahal* and *Marvin O'Neal, Jr.,* for plaintiff in error.

*George M. Napier, attorney-general, Walter C. Hartridge, solicitor-general, T. R. Gress, assistant attorney-general,* and *Julian Hartridge,* contra.

HILL, J. ■ Under the foregoing evidence. the jury were authorized to find the. defendant guilty of murder.

■ Error is assigned because the court failed to give in charge to·the jury section 71 of the Penal Code, as follows: "A bare fear

of any of those offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge." It is insisted that the evidence adduced at the trial required the charging of that section. The defendant in his statement to the jury said: "I am charged with killing Levi Wise. That is true. I did kill Levi Wise, but I had to do it in defending my life." He further stated in effect that when the homicide occurred somebody ran up and cut him, and he turned around and was then cut behind the neck, that he grabbed the hand of the person holding the knife, and he and this person tusseled, and he threw the deceased down on the ground and wrung the knife out of his hand and cut him twice to make him turn loose. There is no evidence in the record tending to show that the defendant at the time of the homicide killed the deceased merely under the fears of a reasonable man; his whole contention was that he had to kill the deceased in defense of his life, and that he threw the deceased to the ground, got the knife away from him, and cut him twice "to make him turn me loose." Self-defense is one thing, and killing one while acting under the fears of a reasonable man is another thing. The court gave in charge all the defendant was entitled to have under the evidence or his statement. The court charged the jury, among other things: "The defendant's contention is that he acted in self-defense. I charge you that justifiable homicide consists, in one of its elements, in self-defense. If this defendant acted in self-defense, then you should find him not guilty. If you have a reasonable doubt as to whether or not he acted in self-defense, you should find him not guilty. If he acted in defense of his person against one who manifestly intended or endeavored, by violence or surprise, to commit a felony upon him, then you should acquit him. If you have a reasonable doubt as to whether or not he was defending himself at the time of the commission of the homicide against the deceased, and you are satisfied the deceased intended or endeavord, by violence or surprise, to commit a felony on him, then you should acquit him. If you have a reasonable doubt as to whether or not the deceased attempted to commit, by violence or surprise, a felony upon him, you should acquit him." This charge was as favorable

to the defendant as he was entitled to, under the evidence and under his statement. The court also charged the jury fully upon the law of murder, justifiable homicide, and the different grades of manslaughter, and the court was neither authorized nor required, under the evidence, to charge section 71 of the Penal Code.

■ Error is assigned also because the court failed to charge section 73 of the Penal Code, as follows: "If a person kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given." It is insisted that the evidence required the charging of that section. But no evidence in the record is pointed out by plaintiff in error to sustain that contention, and we find none that would authorize or require such a charge to be given. Under the evidence for the State, a case of murder was made out. According to the State's witnesses, somebody pulled the deceased in the alley where the homicide occurred; other witnesses testified that they saw the deceased go in the alley and saw the accused follow him in there; according to other witnesses for the State they heard the defendant say he was going to kill the deceased before the sun went down; and according to another witness defendant asked him if the deceased was dead, and the witness replied that he was. The witness testified positively that the coat of the accused was not cut at that time, and that the accused said: "I am gone; none of you all seen me." There was no evidence showing mutual combat or mutual altercation between the defendant and the deceased. Section 73 of the Penal Code is applicable only in cases of mutual combat. *Parks* v. *State,* 105 *Ga.* 242 (3) (31 S. E. 580); *Glover* v. *State,* 105 *Ga.* 597 (31 S. E. 584); *Lamp* v. *State,* 164 *Ga.* 57, 59 (137 S. E. 765), and cit. The court did not err in failing to charge section 73, and the defendant was not harmed by such failure. To have charged section 73 would have put a greater burden on the defendant than the law required. After an examination of the entire record in the case, we reach the conclusion that the accused had a fair and impartial trial, and that the jury was authorized to find the verdict of

guilty; and the trial judge being satisfied therewith, this court will not reverse his judgment overruling the motion for new trial.

*Judgment affirmed.  All the Justices concur.*