25773. SANDERS v. THE STATE.

GUERRY, J. 1. It is an elementary principle that the commission of one crime is not admissible in evidence to establish the guilt of a party of another crime, unless there is some logical connection between the two from which it can be said that the proof of the one tends to establish the other.

2. Where a defendant has engaged in a course of conduct or done other acts at or about the same time the act in question was committed, and these other transactions are such as to illustrate the state of the defendant's mind on the subject involved, proof of them may be received, though one or more of the separate acts of which this collateral conduct consists may be criminal. *Lee* v. *State*, 8 *Ga. App.* 413 (69 S. E. 310); *Honea* v. *State*, 181 *Ga.* 40 (181 S. E. 416); *Morris* v. *State*, 177 *Ga.* 106 (169 S. E. 495); *Williams* v. *State*, 152 *Ga.* 498 (110 S. E. 286); *Suber* v. *State*, 176 *Ga.* 525 (168 S. E. 585); *Green* v. *State*, 172 *Ga.* 635, 640 (158 S. E. 285); *Phillips* v. *State*, 51 *Ga. App.* 675 (181 S. E. 233).

3. Applying the above principles which have now become well-fixed in our law, we can not say the admission of the evidence complained of was so disconnected with the crime charged as to be without probative value, or was inadmissible in that it was not interdependent and interrelated with the offense charged.

4. The remaining assignments of error are without merit. The evidence amply supported, if it did not demand, the verdict rendered by the jury. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED SEPTEMBER 16, 1936.

239

*E. W. Maynard, R. Earl Camp,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.