## 29372.  DUDLEY *v.* THE STATE.

DECIDED APRIL 10, 1942.

*W. W. Larsen, E. L. Stephens,* for plaintiff in error.

*J. Eugene Cook, solicitor-general,* contra.

GARDNER, J. The defendant was tried for murder, and was convicted of voluntary manslaughter. His motion for new trial was overruled, and he excepted.

In grounds 1 and 2 of the amendment to the motion complaint is made (1) because of the admission of testimony as to a dying declaration, and (2) because of a remark which the judge made with reference to such testimony and the failure to charge the law applicable to dying declarations. There is no error shown in the admission of the testimony. It was sufficient, and met all the requirements of the statute on this subject. During the colloquy between counsel and the judge with reference to the admission of this testimony, the court stated: "Leave the evidence in for prima facie showing. I will charge the jury on dying declarations." The record reveals nothing further from counsel or the court pertaining to the evidence of a dying declaration. Counsel for plaintiff in error concedes that it is not error to fail to charge the law with reference to dying declarations unless the court is requested in writing to do so, but he claims that since the judge stated in the presence of the jury that he would do so, it was reversible error to fail to charge this law although no written request was made. In support of this contention counsel cites *Futrell* v. *State,* 31 *Ga. App.* 767 (3) (122 S. E. 80). Upon an examination of this case it will be seen that the court held that the principle of law which was there involved was necessary to be charged under the pleadings and the facts involved in that case, regardless of whether the court promised to charge it, or a request was made to charge it. The court did not assign the reversal on the theory that the court promised to do so. If learned counsel desired instructions on this point, he should have either called the court's attention to the promise, or, better still, filed a written request. There is no merit in grounds 1 and 2.

Grounds 3 and 4 assign error because the court charged the law with reference to mutual combat when the evidence and the defendant's statement did not warrant it. With this contention we agree, and feel constrained to reverse the judgment of the lower court. The defense maintains that the defendant shot in self-defense, under the theory of reasonable fears. The evidence for the

State was that the defendant was guilty of murder or of voluntary manslaughter, under the heat of passion. Generally, mutual combat involves the intention to fight to the finish with deadly weapons.

In the instant case the evidence did not disclose that the deceased had any weapon. The most favorable evidence to warrant a charge on mutual combat, and practically the only evidence we can find in the record, is as follows: "When Ennis [plaintiff in error] told Burch to leave and go home Ennis was standing in the door and Burch was standing on the porch. Burch did not do anything, only tell him he was going 'no damn where.' He stood there; he did not go out in the yard after Ennis told him to go home. He went out in the yard later on; he stayed on the porch two or three minutes. Ennis had done walked in the house and set down in a straight chair. Ennis had a pistol in his hand when he came back. Burch was on the ground, coming back around the post to the porch. He had been on the ground a good little while when Ennis came out of the house. I said that Burch Nobles told Ennis that he was going to kill him, and Ennis said, 'If that is the way you feel about it, go ahead.' . . He made the step toward Ennis, and Ennis shot him." And, "Just before Burch got shot he told Ennis that he was going to kill him. He was coming from around the post when he said that, toward Ennis with his hand in his pocket. He got around the post a little bit, towards Ennis. He cussed him. He just said, 'You God damned son of a bitch, I am going to kill you.' That was not long before Ennis asked him to leave. He had just got down on the ground. After Ennis shot, down on the ground, Burch made a little step towards him and told Ennis, 'God damn it, I am going to kill you.' The dead man just had his hand in his pocket. I did not see a pistol or knife or any kind of a weapon."

The first excerpt is from the evidence brought out in the State's testimony, the last is from the defendant's. This evidence particularly and peculiarly supported the defense that the defendant shot in self-defense, under the fears of a reasonable man; but it did not support the theory of voluntary manslaughter as related to mutual combat. And since the defense was based largely, if not exclusively, on the principle of killing under the fears of a reasonable man, this court is of the opinion that the charge complained of was harmful and demands a reversal. See in this connection

*Lamp* v. *State,* 164 *Ga.* 57, 59 (137 S. E. 765). In *Holland* v. *State,* 166 *Ga.* 201, 203 (142 S. E. 739), the facts were almost identical with those in the case at bar. The errors complained of in ground 4 are without merit, except as they apply to the court's charge on mutual combat. Under the evidence the charge of voluntary manslaughter under a sudden heat of passion was involved.

Ground 5 complains of the court's failure to give in charge a written request on the doctrine of reasonable fears. We have carefully studied the charge as a whole and are convinced that the court substantially met the requirements of the request.

Grounds 6 and 7 set out in different forms alleged errors in the court's charge of manslaughter as related to mutual combat, as contained in Code § 26-1014. We have dealt with this question in the discussion of grounds 3 and 4.

Ground 8 complains that the court did not sufficiently instruct the jury that words, threats, menaces, and contemptuous gestures may be sufficient to excite the fears of a reasonable man that his life is in danger, or that a felonious assault is about to be made on him, and that under such reasonable fears thus aroused the killing would be justifiable. When the charge as a whole is taken into consideration, this assignment is without merit.

Since the judgment is reversed, we make no comment as to the general grounds of the motion.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*