## 29883.   WINGATE *v.* THE STATE.

DECIDED NOVEMBER 7, 1942.

*P. Z. Geer,* for plaintiff in error.
*Maston O'Neal Jr., solicitor-general,* contra.

266

GARDNER, J. The defendant was convicted of assault with intent to murder. He filed a motion for new trial which was overruled and he excepted.

1. The undisputed evidence shows that the defendant shot Reuben Hunt with a pistol, the bullet passing through the body. Aside from the errors assigned, of omission and commission regarding the court's charge, which we will deal with hereafter, the evidence sustained the verdict.

2. There are thirty-one special grounds. Grounds 1 to 4 inclusive assign error because the court, without a written request, failed to charge the principle of law applicable to mutual combat. A number of witnesses for the State testified that Hunt did not have any weapon. Several witnesses for the State and one for the defendant testified that if Hunt had a weapon they could not or did not see it. The defendant, in his statement, claimed that Hunt had a knife and was advancing on him at the time of the shooting, and that he shot in self-defense. The statement alone was not sufficient to require the charge, without a written request. This court held in *Watson* v. *State,* supra: "Mutual combat does not mean a mere fist fight or scuffle. It usually means an encounter with deadly weapons, in which the death of either or both the parties is imminent. Such a combat must be mutual; both parties must be armed with deadly or dangerous weapons and have a mutual intention to use them. In this case the undisputed evidence shows that the accused had a deadly weapon, a loaded pistol, concealed on his person, and that the person [who was] shot and seriously wounded had no weapon of any kind in his hands or on his person." See also what was said in that case on the motion for rehearing wherein the question was further discussed. Moreover, this assignment of error is without merit for the reason that the court charged the law of shooting at another; and under the principles announced by this court in *Duhart* v. *State,* 18 *Ga. App.* 287 (89 S. E. 343), and *Chandler* v. *State,* 54 *Ga. App.* 334 (3) (187 S. E. 856), there is no merit in this contention.

Grounds 5 and 6 assign error because the court failed to charge Code § 26-1014. This section is applicable only in cases where the evidence shows mutual combat. See *Sapp* v. *State,* 2 *Ga. App.* 449 (58 S. E. 667); *Jones* v. *State,* 172 *Ga.* 500 (158 S. E. 44).

Since the evidence in this case did not show mutual combat, these grounds are without merit.

Grounds 7 and 8 complain because the court did not charge more fully upon the principle applicable to conduct under the fears of a reasonable man. The general charge amply covered this principle.

Ground 9 contends that the court erred because after having charged the jury that it was their duty to reconcile the conflict, if any, between the defendant's statement and the statements of witnesses, and that they should endeavor to reconcile such conflicting evidence without imputing perjury to any witness or a false statement to the accused, the court immediately stated "If you can not do that it then becomes your duty to believe that witness or those witnesses you believe best entitled to believe." No doubt it would perhaps have been clearer if the court had mentioned the defendant's statement in this last connection, but since elsewhere in the charge he gave unusually full instructions as to the defendant's statement we do not think there is any merit in this ground.

Error is assigned in ground 10 on the following charge: "The offense of assault with intent to murder embraces all the elements of murder except the bare fact of killing. Assault with intent to murder may be defined to be an attempt by a person of sound memory and discretion, in the peace of the State, to commit an unlawful assault upon the person of another, with a weapon likely to produce death, with intent to kill him. Therefore it becomes necessary for the court to charge you on the definition of murder and other grades of homicide." The definition of assault with intent to murder as set out in the excerpt was incorrect because no reference was made to malice. But when we view the inaccuracy of the definition in the light of the entire charge we do not think it amounts to reversible error. The court immediately thereafter fully charged the elements of murder and of voluntary manslaughter, very clearly drawing the distinction between the two. When the charge as a whole is taken into consideration we do not think the jury was misled or confused to the injury of the defendant.

Ground 11 assigns error because the court in giving in charge Code § 26-1007 with reference to voluntary manslaughter omitted

the following words of the section: "of which the jury in all cases shall be the judges." It would have been more accurate to have included these words, but in view of the entire charge on the question of manslaughter, and in view of the entire record of the case, we do not think the omission was error sufficient to demand a reversal for any of the reasons assigned.

. Ground 12 complains because the court did not, in connection with the law of voluntary manslaughter as applied to the principle of passion, even in the absence of a written request, explain "cooling time." In view of the entire charge there is no merit in this ground.

Ground 13 complains because the court, immediately after charging the law of justifiable homicide, and immediately preceding the charge on reasonable fears, said: "If an assailant intends to commit a trespass only, to kill is manslaughter. If he intends a felony, the killing is in self-defense and justifiable. It is only when a felony is intended that the killing is justified." It is contended that charging this in immediate sequence deprived the defendant of his right to submit to the jury his right to take human life under the fears of a reasonable man. It is contended that the charge commingled the doctrine of justifiable homicide and the law of manslaughter and of justification under the doctrine of reasonable fears. In view of the charge as a whole we do not think the excerpt is subject to this criticism.

Ground 14 complains because the court charged: "I charge you in this connection that a seeming necessity is equivalent to a real or actual necessity and equally protects one who in good faith acts thereunder, and in that connection I charge you that one can not create an emergency which renders it necessary for another to defend himself and then take advantage of the effort of such person to do so." The charge was not erroneous.

There is no merit in ground 15. It is based on an excerpt from the charge. The assignment has no merit when the charge is considered in its entirety.

Grounds 16 to 23 and 25 to 29 inclusive assign error because of the court's refusal to give a number of written requests on the principle of law involving the doctrine of reasonable fears. When the entire charge is considered the principles included in the requests are found to have been fully covered.

Ground 24 was not approved by the judge.

Grounds 30 and 31 assign error because the court admitted evidence as to remarks which the accused had made, some time before the difficulty, as to asking some one to stand his bail for the reason that he thought he would need it. In view of the evidence that the accused was under the influence of intoxicating liquor and had made certain remarks with reference to the conduct of Reuben Hunt we think this evidence was admissible for the purpose of illustrating the conduct of the accused when he shot Hunt and the bent of his mind at the time.

We have carefully studied the record in view of all the assignments of error and find none of them sufficient to warrant a reversal.

*Judgment affirmed.   Broyles, C. J., and MacIntyre, J., concur.*