30563. STEPHENS *v.* THE STATE.

DECIDED JULY 15, 1944.

*J. D. Godfrey, Irwin L. Evans, W. C. McMillan,* for plaintiff in error.

*W. H. Lanier, solicitor-general,* contra.

GARDNER, J. ■ Special ground 1 of the motion for new trial assigns error because the State submitted to the jury the question of voluntary manslaughter as applied to killing under a heat of passion supposed to be irresistable. It is contended that under the evidence the only question was whether the defendant was guilty of murder or was justified. The jury were authorized to take a part of the evidence for the State, and a part of the evidence for the accused, and a part of his statement. See *Wilson* v. *State,* 9 *Ga. App.* 297 (2) (70 S. E. 1125); *Sikes* v. *State,* 44 *Ga. App.* 746, 748 (162 S. E. 866). In this view in our opinion the record authorized the court to submit the question of voluntary manslaughter to the jury, since the jury were authorized to determine whether or not the deceased was about to commit an assault less than a felony upon the defendant. Then, too, in this connection, we might very appropriately add that in view of the attack which the deceased had made upon the wife of the accused previously in 1939, and in view of the conduct of the deceased on the occasion of the homicide, the court properly submitted to the jury whether under this view there were "other equivalent circumstances" which aroused the passion of the defendant, and if his passion was so aroused, and he shot in the heat of such passion, the jury in such instance would be authorized to consider, and under the evidence return a verdict for voluntary manslaughter. As to the latter principle, we find a very able exposition of the law in *Rumsey* v. *State,* 126 *Ga.* 419 (2) (55 S. E. 167). The doctrine there discussed approaches in identicalness the law applicable here. Our attention is called by counsel for the defendant to the case of *Rentfrow* v. *State,* 123 *Ga.* 539 (2) (51 S. E. 596). The facts in that case are so different from the inferences which may be drawn from the facts of the instant case that there is no conflict there and here.

■ Error is assigned under special ground 2 because (*a*) the court failed to charge the provisions of the Code, § 26-1013. This question has been settled adversely to the contentions of the defendant in *White* v. *State,* 2 *Ga. App.* 412 (1 *b*) (58 S. E. 686), which reads as follows: "There was no error in not charging the jury the principle of law contained in the Penal Code, § 72 [26-1013]. This section refers only to homicides having their origin in a forcible attack and invasion of the property or habita-

tion of another; and as there was no evidence tending to show that any attack or invasion of the habitation of the defendant was intended by the deceased, but that on the contrary he was a guest or visitor at defendant's residence before the beginning of the difficulty, a charge upon § 72 would have been unauthorized and erroneous." By reference to the evidence it will be found that the deceased in the instant case was a visitor, therefore the principles of this section have no application.

It is further contended under this special ground that the court erred in failing to charge § 26-1014. This section has no application in any case which does not have the elements of mutual combat in it, under the facts. *Wheeler* v. *State,* 112 *Ga.* 43 (2) (37 S. E. 126); *Jordan* v. *State,* 117 *Ga.* 405 (43 S. E. 747); *Jones* v. *State,* 172 *Ga.* 500 (3) (158 S. E. 44); *Wingate* v. *State,* 68 *Ga. App.* 265 (2) (22 S. E. 2d, 758). The State's case is not dependent upon mutual combat, nor does the evidence for the defendant nor his statement contain this defense.

It is further contended that since the attack was made on the wife of the deceased the court should have instructed the jury that he had the same right to protect his wife as to protect himself. This contention is true as an abstract principle of law, but the evidence shows that if there had been any assault of any nature on the wife the deceased, for the time being at least, had abandoned that pursuit, and had directed his attention to the accused. The evidence for the accused showed, and in his statement he contended, that the deceased had put down the chair and had directed his attention to the accused with a knife, and was making an attack not on the wife but on the accused at the time of the mortal blow. This personal attack on the accused himself was the defense urged at the trial. This issue was clearly made before the jury, and they found against the contentions of the defendant. The defense of his wife, if in the case at all, was merely a collateral issue. See, in this connection, *Johnson* v. *State,* 188 *Ga.* 771 (7) (4 S. E. 2d, 639); *Fudge* v. *State,* 190 *Ga.* 340 (5) (9 S. E. 2d, 259).

As to the contention under the general grounds on the question of self-defense the court charged: "Now I will give you the rule as to justifiable homicide; justifiable homicide is the killing of a human being in self-defense or in defense of one's person

against one who manifestly intends or endeavors, by violence or surprise, to commit a felony upon such person. A bare fear of any of those offenses to prevent which the homicide is alleged to have been committed shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing actually acted under the influence of those fears and not in a spirit of revenge. The term felony as used in this connection means an offense for which the offender, on conviction, shall be liable to punishment by death or imprisonment in the penitentiary, and not otherwise. If the jury should believe that the defendant shot and killed the person named in the indictment, but that at the time of the killing the deceased was committing or attempting to commit a felonious assault upon the person of the defendant or that the circumstances were such as to excite the fears of a reasonable person that the defendant was attempting or endeavoring or about to commit a felonious assault upon the person of the defendant, and that the defendant shot and killed the person named in the indictment under those circumstances and not in a spirit of revenge, then and in that event the jury should acquit." Without a written request for further instructions this charge as applied to the evidence met the requirements of the law.

The evidence sustained the verdict, and the court did not err in the trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*