31007.   STARR *v.* THE STATE.

DECIDED SEPTEMBER 19, 1945.

816

*M. G. Hicks,* for plaintiff in error.

*Henderson Lanham, solicitor-general, Chastine Parker,* contra.

GARDNER, J. ■ We have set out the testimony somewhat in detail. The verdict is supported by sufficient evidence to warrant the conviction. The jury were authorized to believe that there was no apparent reason for the defendant to slay the deceased in self-defense. The jury believed her guilty of taking the deceased's life under heat of passion, not in malice and not in self-defense. The trial judge acquiesced in the finding. There is sufficient evidence to warrant the conviction, and the refusal of a new trial on the general grounds was warranted.

■ Special ground 1 complains because the court erred in failing to give in his general charge the principle of law as to defense of habitation, and that such failure was hurtful and prejudicial

to the cause of the defendant. The evidence, as given heretofore, did not disclose a forcible attack or invasion of the habitation of the defendant by the deceased. Able counsel for the defendant rely on the case of *Powell* v. *State,* 101 *Ga.* 9 (7) (29 S. E. 309, 65 Am. St. R. 277). The holding in that case is not applicable to the facts of the case at bar. The facts in the two cases are entirely different. In the case before us, defense of habitation was not involved. Here, there was no effort by the deceased "to enter the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein." *Powell* v. *State,* supra, p. 25. The contention in the present case was decided adversely to the defendant in *Taylor* v. *State,* 138 *Ga.* 826 (76 S. E. 347), wherein it was held that, where no evidence was presented "of a forcible attack or invasion of the property of another by the person killed, or of any attempt by him in a riotous and tumultuous manner to enter the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein," it is not error to omit to charge the law applicable to such theory. See also *Stephens* v. *State,* 71 *Ga. App.* 417 (31 S. E. 2d, 217). It must be remembered that in the case at bar the deceased was a brother-in-law of the defendant, and that he sometimes came in during the night and slept in the house. Hence certainly there was no forcible attack or invasion of the property, nor any attempt by him in a riotous and tumultuous manner to enter the habitation of the defendant for the purpose of assaulting or offering personal violence to any person dwelling or being therein. This assignment is without merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*