33155. FOWLER *v.* THE STATE.

DECIDED JULY 13, 1950. REHEARING DENIED JULY 31, 1950.

*D. D. Veal, R. C. Whitman,* for plaintiff in error.

*C. S. Baldwin Jr., Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 1 of the amended motion for a new trial complains of the admission of testimony of Mrs. W. R. Dennis as follows: "From my observation of those facts, in my opinion he was drunk." In *Grier* v. *State,* 72 *Ga. App.* 633 (2) (34 S. E. 2d, 642) it is held as follows: "A witness who satisfactorily shows that he had an opportunity to observe and did observe a person's condition may testify, as a statement of fact actually observed by him, whether such person was under the influence of intoxicating liquor." The admission of the evidence complained of in special ground 1 is not error for any reason assigned.

■ Objection is made to the testimony of Watt Jones as to the collision with an automobile which sideswiped his car shortly before the Dennis wreck, and to the testimony of the State's witness that he had picked up a piece of fender from the road

where the first impact took place and found that it matched the piece missing from the defendant's fender, and that based on this information a warrant was taken out against the defendant for hit and run driving. The testimony would have authorized the jury to find that the defendant had been the only person driving the automobile for the past seven or eight hours and that this collision occurred about an hour before the Dennis collision. These circumstances would have authorized the jury to find that the defendant was the driver of the Plymouth car which sideswiped the Jones car.

It is well established that evidence of the commission of one crime is not admissible upon the trial for another where the sole purpose is to show that the defendant is guilty of the other crime, but, if relevant to the issue on trial, this fact does not of itself make such evidence inadmissible. *Goodman* v. *State*, 184 *Ga.* 315 (191 S. E. 117). Where there is some logical connection between the two acts from which it can be said that proof of one tends to establish the other, such evidence is admissible. See *Sanders* v. *State*, 54 *Ga. App.* 238 (1) (187 S. E. 608). As stated in *Wilson* v. *State*, 173 *Ga.* 275 (160 S. E. 319), "In order that a collateral crime may be relevant as evidence, it must be connected with the crime under investigation as part of a general and composite transaction." Such evidence is admissible to show criminal intent. *Cox* v. *State*, 165 *Ga.* 145 (139 S. E. 861); *New* v. *State*, 67 *Ga. App.* 442 (20 S. E. 2d, 617). The defendant here was on trial charged with the offense of assault with intent to murder. The manner in which it was alleged he committed this offense was by the operation of an automobile while under the influence of liquor, which act was one naturally tending to destroy the life of a human being. The intent therefore in a case such as this must be inferred from the condition of the defendant, that is, his drunkenness. The testimony of witnesses as to the defendant's condition at the time or shortly after the collision in which Mr. Dennis was injured was in conflict. His condition shortly before this collision therefore became material to throw light on his condition at the time in question. Evidence that a short time previously, in Jones County, he was driving the automobile in a drunken manner so as to unnecessarily sideswipe another automobile was material upon this point. The

reason for the statute making penal the operation of motor vehicles by persons while under the influence of liquor is because this type and character of reckless driving is a natural concomitant thereof. Speaking for the writer only, the introduction of this type of evidence on behalf of the State is somewhat looked upon with disfavor, because it is the writer's opinion that too often evidence of other criminal transactions is introduced for the mere purpose of taking an unfair advantage of the defendant by prejudicing the jury against him, rather than to avail the State of its probative value. However, in the instant case, it appears to be relevant and material. Special ground 2 of the amended motion for a new trial is without merit.

■ The court charged the jury in part as follows: "Assault with intent to murder is an unlawful, felonious and malicious assault and an assault with an instrument that in the manner it is used at the time is a weapon that is likely to kill and under circumstances that if death had resulted from said assault the killing would have been murder, and an assault with an intention also on the part of the assailant at the time of the assault to kill and murder the person assaulted. The intent to kill is a necessary ingredient of the offense of assault with intent to murder. . . *If the jury should find from the evidence that the defendant unlawfully used the instrument named in the indictment and the jury further finds that the instrument in the manner in which is was used, if one was used, was an instrument likely to produce death, then the unlawful use of such instrument in such manner would imply malice but it would not imply the intent to kill.* . . The intentional use and operation of a dangerous instrumentality in such manner as to show a wanton, wilful and reckless disregard for human life on the part of a person, may under some circumstances be sufficient to authorize the jury to infer the intent to kill on the part of the operator of such instrumentality. I charge you further, if you should find that the defendant, with a wanton, wilful and reckless disregard of human life, ran his automobile on and upon and against the automobile in which W. R. Dennis was riding, thereby seriously injuring him as contended by the State, that it is a question for you to determine whether such wanton and wilful and reckless disregard for human life, if you find it existed,

amounted to a specific intent to kill. . . If you believe the assault was made by the defendant with a wanton, wilful and reckless disregard for human life [as to be] in law equivalent to a specific intent to kill, and if death had resulted from such an assault it would have been murder, and you believe all of this beyond a reasonable doubt, then you would be authorized to find the defendant guilty . ."

Special ground 3 complains that the court failed to charge the meaning of the word *murder*. Special ground 4 complains that the court failed to define malice. Special ground 5 contends that the first italicized sentence in the foregoing quotation amounts to the expression of an opinion as to the weight and effect of the evidence. The rule in regard to charging the offense of assault with intent to murder, as set out in *Kirkland* v. *State*, 68 Ga. App. 124 (22 S. E. 2d, 330) is as follows: "It is not necessary to instruct the jury specifically with reference to the law of murder and voluntary manslaughter; but it is necessary that the essentials of an assault with intent to murder should be included in the instructions given." In *Wingate* v. *State*, 68 Ga. App. 265 (22 S. E. 2d, 758) it was held that the charge defining assault with intent to murder was incorrect in that no reference was made to malice, but that the charge as a whole was sufficiently comprehensive as not to require reversal. In the case at bar the court instructed that if the jury should find that the instrument (the automobile) was used as charged in the indictment and that, so used, it was an instrument likely to produce death, malice would be implied from such use. As this was the only malice upon which a conviction could be based, there being no actual malice between the parties and no evidence of a general malice on the part of the defendant other than that so implied, the court's charge on this subject was sufficient. Special grounds 3 and 4 are therefore without merit. The excerpt complained of in special ground 5 is not opinionative in character.

Special ground 6 complains of the following excerpt from the charge: "I charge you further, Gentlemen, that the intentional use and operation of a dangerous instrumentality in such a manner as to show a wanton, wilful and reckless disregard for human life on the part of the operator, by which serious injury

is inflicted upon a person, may under some circumstances be sufficient to authorize the jury to infer the intent to kill on the part of the operator of such instrumentality" as confusing and misleading, in that the court did not explain what circumstances would be sufficient to authorize a jury to so find. Whether or not the use by the defendant of the dangerous instrumentality in disregard of human life, through which use another person is killed or injured, is such as to authorize a jury to infer an intent to kill depends upon the circumstances of each case. As stated in *Jones* v. *State*, 185 *Ga.* 68, at page 73 (194 S. E. 216), "It is enough for us to decide, as we do, that the jury may or may not so find, depending upon the facts of each particular case. The degree of intoxication, the rate of the excessive speed, the weather conditions, the density of traffic, the physical character of the roadway, the nearness to a center of population, are among the matters a jury might wish to consider in determining whether the killing was involuntary manslaughter or murder." There are other circumstances (as, in this case, whether the car was being driven on the wrong side of the road), and they necessarily differ with each case. There was no request to charge this principle of law in greater detail. In the absence of request, the charge is not error for any reason assigned.

Special grounds 3, 4, 5, and 6 of the amended motion for a new trial are without merit.

■ The jury was authorized to find that the defendant intentionally became intoxicated and thereafter intentionally operated his automobile while in that condition; that he operated it in an unlawful manner in that he violated Code § 68-303 (c) in failing to turn to the right when meeting another automobile and that he operated his automobile while under the influence of an intoxicant. Code § 26-1009 defining involuntary manslaughter in the commission of an unlawful act, or a lawful act in an unlawful manner, contains the provision, " . . that where such involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being . . the offense shall be deemed and adjudged to be murder." The jury here was authorized to find that the defendant's act was one which in its

consequences naturally tends to destroy the life of human beings. In *Jones* v. *State,* supra, p. 72, Mr. Justice Grice, speaking for the court, said, " . . we are of the opinion that when an indictment, among other things, alleges that the accused feloniously and with malice aforethought, with an automobile, struck and killed the deceased, a verdict of murder cannot be said to be unauthorized, though the proof shows that the killing was involuntary; provided it further shows that the killing happened in the commission of an unlawful act which in its consequences naturally tended to destroy the life of a human being. In such a case the law will imply malice."

The verdict of guilty of assault with intent to murder is authorized by the evidence, and the trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed.   MacIntyre, P.J., and Gardner, J., concur.*