## 44642. GRANT v. THE STATE.

BELL, Presiding Judge. 1. (a) The defendant, indicted for murder, was convicted by a jury of voluntary manslaughter and sentenced to ten years. He appeals from the conviction. The defendant contends that the court erred in charging the jury on the law of justifiable homicide while engaged in mutual combat as there was no evidence of mutual combat. Mutual combat usually arises when the parties are armed with deadly weapons and mutually agree or intend to fight with them. Mutual combat does not mean a mere fist fight or scuffle. *Joyner v. State,* 208 Ga. 435, 439 (67 SE2d 221); *Langford v. State,* 212 Ga. 364, 366 (93 SE2d 1); *Watson v. State,* 66 Ga. App. 242 (17 SE2d 559); *Wingate v. State,* 68 Ga. App. 265, 266 (22 SE2d 758); *Gilbert v. State,* 94 Ga. App. 217, 218 (94 SE2d 109). The evidence here does not show a mutual intent to engage in a fight with weapons. The deceased was unarmed and sought out the defendant after an earlier quarrel and struck him with his fist. A fist fight ensued and after being kicked in his sensitive areas, the defendant shot the deceased. The court's charge to the jury on mutual combat (*Code* § 26-1014) was harmful error as it placed upon the defendant a heavier burden than required. His defense was planted wholly in the provisions of *Code* §§ 26-1011 and 26-1012.

*Dye v. State,* 218 Ga. 330, 334 (127 SE2d 674); *Brown v. State,* 223 Ga. 76, 80 (153 SE2d 709); *Price v. State,* 114 Ga. App. 580 (152 SE2d 9). Enumerations 1, 2 and 3 concern excerpts of the court's charge on mutual combat. As it was error to charge the jury on the subject, these enumerations are meritorious.

(b) In a criminal prosecution *Code* § 26-1014 (mutual combat) is not compatible with *Code* § 26-1011 (justifiable homicide in prevention of a felony) and *Code* § 26-1012 (reasonable fear of felony being committed on the person). The standards are so different that the commingling of *Code* § 26-1014 with the other two is ipso facto harmful. *McKibben v. State,* 88 Ga. App. 466, 472 (77 SE2d 86). The charge in this case had this commingling effect.

2. The defendant by his own statement and the tenor of the testimony of his witnesses sought exculpation on the theory of justifiable homicide in the prevention of the commission of a felony upon himself. *Code* §§ 26-1011, 26-1012. There was also evidence which raised the issue of voluntary manslaughter. The court gave a definition of voluntary manslaughter in literal terms of *Code* § 26-1007 except the court substituted the following clause "or an attempt by the person killed to commit a felony on the person killing" for the clause that appears in § 26-1007 which reads "or an attempt by the person killed to commit a serious personal injury on the person killing." Immediately following this charge, in a separate paragraph, the court instructed the jury on justifiable homicide on the basis of self-defense of one's person against one who manifestly intends or endeavors by violence or surprise to commit a felony upon him. Defendant contends the charge on voluntary manslaughter permitted the jury to believe that defendant could be convicted of voluntary manslaughter even though he killed the deceased to prevent a felony from being committed upon himself, and when taken together with the charge on justifiable homicide, the two charges confused and misled the jury. We agree. The definition of voluntary manslaughter as charged is not a correct statement of the law. Voluntary manslaughter cannot arise from a homicide committed as the result of the deceased attempting to commit a felony on the slayer. In that event the homicide would be justifiable and the slayer guilty of no crime. Since the instructions were confusing and mislead-

ing, we cannot say the defendant was not harmed. For the reasons stated in Divisions 1 and 2 the judgment is

*Reversed. Eberhardt and Deen, JJ., concur.*

SUBMITTED SEPTEMBER 2, 1969—DECIDED SEPTEMBER 2, 1969.

*Smith, Gardner, Wiggins, Geer & Brimberry, Peter Zack Geer,* for appellant.

*Fred Hand, Jr., District Attorney,* for appellee.