## 48385. LOUDERMILK v. THE STATE.

STOLZ, Judge. The defendant, indicted for the murder of his brother, was convicted by a jury of voluntary manslaughter and sentenced to twenty years, from which judgment he appeals. *Held:*

1. The defendant contends that the trial judge erred in charging the jury on the law of voluntary manslaughter as related to mutual combat (Code Ann. § 26-902 (b) (3); Ga. L. 1968, pp. 1249, 1272) as there was no evidence of mutual combat and he was guilty either of murder or justifiable homicide.

"On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given the jury. *Gresham v. State*, 216 Ga. 106 (115 SE2d 191)." *Banks v. State*, 227 Ga. 578, 580 (182 SE2d 106). "Mutual combat usually arises when the parties are armed with deadly weapons and mutually agree or intend to fight with them. Mutual combat does not mean a mere fist fight or scuffle." *Grant v. State*, 120 Ga. App. 244 (170 SE2d 55). "Where 'the participants engage with a mutual intention to fight, the offense may be voluntary manslaughter as related to mutual combat. If the evidence . . . authorizes an inference that the killing occurred in the circumstances last mentioned, it is the duty of the judge, even without request, to give in charge the law of voluntary manslaughter as related to mutual combat.' " *Hewitt v. State*, 127 Ga. App. 180 (7) (193 SE2d 47) and cits.

The evidence here authorized the findings that the defendant and the decedent, both intoxicated, were armed with knives and engaged in a fight resulting in the decedent's death and various injuries to the defendant, after which the defendant made a voluntary statement, after having been advised of his constitutional rights, to the effect that he had killed his brother and was proud of it. The charge complained of was properly given.

2. The verdict was supported by the evidence.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED JUNE 29, 1973 — DECIDED SEPTEMBER 4, 1973.

*Horace T. Clary,* for appellant.

*F. Larry, Salmon, District Attorney,* for appellee.