## 51665. RANDOLPH v. THE STATE.

EVANS, Judge.

Defendant was indicted and tried on two separate indictments for assault with a deadly weapon upon the person of Mack Buffington, Jr., and sentenced to serve four years and six months. Defendant appeals. *Held:*

1. Defendant contends that the court erred in charging on mutual combat since there was no evidence of a mutual agreement for mutual combat. (T. 148-149) But the testimony of defendant himself discloses an argument over a card game in which he was losing money; that he left the room momentarily; and was given a gun which he stuck into his pocket, keeping his hand in the pocket; that he knew the other card players were armed. He then re-entered the room and asked for the return of his money which had been won by others in the card game. The victim moved from the table, ran his hand in his pocket and pulled a gun from his pocket. When this occurred, defendant drew his gun and shot the victim twice. This evidence alone was sufficient to authorize the charge on mutual combat as a mutual intent to fight over the money could be implied from the actions of the card players. *Grant v. State,* 120 Ga. App. 244 (1) (170 SE2d 55); *Witt v.*

*State,* 128 Ga. App. 645 (1) (197 SE2d 401); *Loudermilk v. State,* 129 Ga. App. 552 (1) (200 SE2d 302).

2. There was evidence to support the verdict, and this court is not authorized to disturb the findings of the jury. See *Cherry v. State,* 135 Ga. App. 819 (219 SE2d 41).

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JANUARY 6, 1976 — DECIDED JANUARY 19, 1976.

*Johnson & Casper, Michael R. Casper,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.