## 62356. LIGHTSEY v. THE STATE.

QUILLIAN, Chief Judge.

The defendant was indicted for murder but was convicted of voluntary manslaughter. On appeal he contests the sufficiency of the evidence to support the verdict, the charge of the trial court, and admissibility of the state's evidence. *Held:*

1. The general grounds are without merit. The deceased was the stepfather of the defendant and on the afternoon this incident occurred he was drunk. He had an argument with the defendant — grabbed him by the hair on his head, told him he was dumb, and referred to defendant's mother, sister, and girl friend as whores. When defendant's mother arrived home he was crying and had a shotgun. The stepfather entered the carport from the backyard with a beer in one hand and a flashlight in the other. They talked and the defendant put the shotgun down. When the deceased lunged at the defendant — with the flashlight raised over his head, he raised the

shotgun and fired one fatal shot.

One witness testified that when the deceased pulled the defendant's hair he said: "Well, if you don't like it, I will kill you." The deceased's wife testified that her husband was capable of being a very violent man. Defendant's sister witnessed the shooting and said that when the deceased lunged at the defendant he "backed up and tried to get away and shot." The testimony of the wife and the stepchildren was one of constant fear of the deceased during his frequent drunken episodes.

"Since 'the homicide was neither accidental nor malicious it was intentional, and therefore was voluntary manslaughter.' " *Ballard v. State,* 150 Ga. App. 704 (2) (258 SE2d 331); Accord: *Cochran v. State,* 146 Ga. App. 414, 415 (246 SE 2d 431); *Ward v. State,* 151 Ga. App. 36 (258 SE2d 699). The sufficiency of the provocation and cooling time are questions for the jury. *Reynolds v. State,* 131 Ga. App. 247 (205 SE2d 536); *Ward v. State,* 151 Ga. App. 36, 37, supra. We find that a rational trier of fact could reasonably have found the offense of voluntary manslaughter was established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The evidence authorized the charges on voluntary manslaughter and mutual combat. *Hewitt v. State,* 127 Ga. App. 180 (7) (193 SE2d 47); *Loudermilk v. State,* 129 Ga. App. 552 (1) (200 SE2d 302); *Randolph v. State,* 137 Ga. App. 310 (1) (223 SE2d 502); *Strickland v. State,* 137 Ga. App. 419 (1) (224 SE2d 87); *Langford v. State,* 212 Ga. 364, 366 (93 SE2d 1).

3. It was not prejudicial error for the trial court to admit in evidence a photograph of the defendant as he appeared at the time of his arrest. At trial the defendant objected on the grounds that it was "prejudicial" and "totally irrelevant." These "general" type objections are insufficient as they do not direct the attention of the trial court to the specific allegation of error and there is nothing for the appellate court to review. *Shouse v. State,* 231 Ga. 716 (4) (203 SE2d 537); *Vann v. State,* 153 Ga. App. 710 (4) (266 SE2d 349); *Jones v. State,* 154 Ga. App. 806 (2) (270 SE2d 201). Secondly, the same evidence had been admitted previously through the testimony of Detective Collins — without objection. The general rule is that proof of the same fact by unobjected-to evidence renders harmless subsequent incompetent or inadmissible evidence. *Payne v. State,* 152 Ga. App. 471, 473 (263 SE2d 251); *Robinson v. State,* 229 Ga. 14 (189 SE2d 53); *Glass v. State,* 235 Ga. 17 (218 SE2d 776).

4. We find no prejudicial error in the admission in evidence of buckshot and wadding from a shotgun shell. Dr. Zaki, a Medical Examiner for Fulton County, examined the body of the deceased and removed from the wound area buckshot and wadding from a shotgun

shell. He placed this evidence in plastic bags and attached a card with his signature as to the deceased's name and number assigned to this case. Dr. Zaki recognized his signature and the plastic bag and testified that the bag appeared to be in the same condition as when he enclosed the evidence therein. One of the staples which sealed the bag went through the card with his signature and it did not appear to have been opened or tampered with.

Where the state seeks to introduce evidence of a fungible nature, it is required to show a chain of custody which is adequate to preserve the identity of evidence. The burden is on the state to show, with reasonable certainty, that the evidence attempted to be introduced is the evidence seized and there has been no tampering or substitution. The state need not negative every possibility of tampering and need only establish reasonable assurance of the identity of such evidence. When there is only speculation as to tampering, it is permissible to admit the evidence and let whatever doubt has arisen to go to the weight to be accorded the evidence. *Anderson v. State,* 247 Ga. 397, 399 (276 SE2d 603). We find no error here.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1981 —
REHEARING DENIED OCTOBER 15, 1981 — ▮▮▮▮▮▮▮

*Ted D. Spears,* for appellant.

*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.