39904. MASSEY v. THE STATE.

GREGORY, Justice.

The appellant, Barry Massey, was indicted in Morgan County for the murder of Steven Bo Sterns. Following a trial by jury, he was found guilty and sentenced to life imprisonment. Appellant filed a motion for a new trial which was denied. From the evidence, the jury could have found the following facts.

During the early morning hours after the Fourth of July in 1982, appellant and two of his friends went to the Waffle House on Highway 441 in Madison, Georgia, for breakfast. The deceased, Bo Sterns, accompanied by two friends, was already in the Waffle House visiting his girl friend who was employed there as a waitress.

When appellant was leaving, Sterns' girl friend stopped him and asked one of the other waitresses to "get this dude his bill." The appellant stated that he was not a dude and that he thought his friends had paid his bill. Sterns, sitting nearby, stated to appellant that he was a "dude" and told him to pay his bill. Thereafter, both the deceased and appellant spoke in harsh and loud tones. Appellant paid for his food and left.

The deceased remained in the restaurant approximately five to ten minutes then walked outside in the opposite direction of appellant, who was waiting in the parking lot. More harsh words were passed and a scuffle ensued between appellant and the deceased. The two fought until the deceased yelled out, broke free and ran into an empty field adjacent to the Waffle House. Appellant followed the deceased but could not catch him. Appellant returned to the parking lot and left with his friends.

A short while after appellant had left, the deceased came back from the field bloodied and crying. The deceased then stated to his friend Ron Skinner, "Oh, Ron, I can't make it. I've been stabbed. Please help me." His friends took him to Greensboro hospital where

he was treated for seven penetrating stab wounds in the upper back. Due to complications arising from blood in his chest, the deceased was transferred to St. Mary's Hospital in Athens where he died several days later.

During his trial for the murder of Bo Sterns, appellant denied that he stabbed Sterns and denied that he had a knife or any weapon. The pathologist who performed the autopsy on the deceased was called to testify about the cause of death as well as other findings during the autopsy. This testimony, as well as the autopsy report, was admitted over objection by appellant. The court also admitted over objection the testimony of Ron Skinner as to what appellant said when he returned to the Waffle House from the adjacent field.

1. In his first enumeration of error appellant contends the trial court erred in failing to instruct the jury on the law of mutual combat.

" 'Mutual combat usually arises when the parties are armed with deadly weapons and mutually agree or intend to fight with them. Mutual combat does not mean a mere fist fight or scuffle.' " See *Loudermilk v. State,* 129 Ga. App. 552 (200 SE2d 302) (1973). *Donaldson v. State,* 249 Ga. 186, 188 (289 SE2d 242) (1982); *Powell v. State,* 143 Ga. App. 684 (239 SE2d 560) (1977). The evidence in this case did not warrant a charge on mutual combat. There is no evidence that appellant and the deceased were armed with deadly weapons when they began to fight, nor that they intended to use deadly weapons. In fact, the evidence here showed the deceased did not intend to fight as he waited a sufficient time for appellant to have departed before leaving the Waffle House. We find no merit in this enumeration of error.

2. In his second enumeration of error, appellant contends the trial court committed reversible error by allowing into evidence the testimony of the pathologist and the autopsy report. The defense objected on the ground that the State failed to furnish a copy of the report at least ten days prior to trial. OCGA § 17-7-211 (Code Ann. § 27-1303).

The appellant filed a Brady motion requesting to have disclosed and produced "the results of reports of any scientific or other tests, analysis, experiments, or studies made in connection with this case." This request was made twelve days prior to trial. The State produced the autopsy report the day of trial.

In *State v. Meninger,* 249 Ga. 561 (292 SE2d 681) (1982) this Court stated: "A pleading to constitute a request for discovery under § 27-1303 [OCGA § 17-7-211] should give the State reasonable notice that the defense desires the disclosure of all available scientific reports no later than ten days before trial; *this notice would be adequate if the defense specifically refers to § 27-1303 [OCGA §*

*17-7-211] or if it makes clear that scientific reports, whether inculpatory or exculpatory, should be furnished prior to the ten-day limit."* 249 Ga. at 563. (Emphasis supplied.)

In the present case, the appellant's motion for discovery did not mention the statute or make clear that the ten-day time frame was being invoked. Therefore, the trial court properly overruled the objection and admitted the testimony of the pathologist and his autopsy report.

3. Appellant's third enumeration of error deals with a confrontation issue not raised in the trial court. Issues not raised at trial will not be considered for the first time on appeal. *Hammond v. Paul,* 249 Ga. 241 (290 SE2d 54) (1982); *Carter v. Pruitt,* 235 Ga. 204 (219 SE2d 114) (1975). The ground of objection at trial was that the testimony of Ron Skinner, reporting statements of the deceased, was hearsay. That ground has not been pursued on appeal.

4. In his last enumeration of error appellant contends the trial court erred in failing to instruct the jury on the effect of misfortune or accident. As the evidence in this case would not support such a charge, we find this enumeration to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1983.

*Franklin, Axam & Ashburne, Tony L. Axam, Lisa D. Cooper,* for appellant.

*Joseph H. Briley, District Attorney, Al Martinez, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.